# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LUIS GAUTIER,

               **Plaintiff,**

**v.**                                       **Case No:  6:12-cv-1181-Orl-31GJK**

CITI AUCTION 6, INC., CITI AUCTION 7,
INC., CITI AUCTION 8 and TERESA A.
BROOKS,

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 18)** |
| **FILED:** | **October 4, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

On August 1, 2012, Plaintiff, Luis Gautier, filed a Complaint against Defendants, Citi Auction #6, Citi Auction #7, Citi Auction #8 (collectively "Citi Auctions") and Teresa A. Brooks (hereafter "Brooks"), for violations of the Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. §

201, et. seq.  Doc. No. 1.  On this same date, Wesley Perez (hereafter collectively referred to with Luis Gautier as "Plaintiffs"), filed his consent to join in the action.  Doc. No. 3.

Plaintiffs allege that Brooks owned, operated, hired employees, fired employees, set work schedules and controlled the finances and operations of Citi Auctions.  Doc. No. 1 at 2 ¶ 4.  Plaintiffs allege that Citi Auctions are Florida corporations that operate and conduct business in Florida.  Doc. No. 1 at 2 ¶ 4.  Plaintiffs allege they were employees and Defendants were employers as defined by the FLSA.  Doc. No. 1 at 2 ¶¶ 6-7.  Plaintiffs allege that Defendants are an enterprise engaged in commerce that engages in producing goods for commerce.  Doc. No. 1 at 2 ¶¶ 8-9.  Plaintiffs allege that Defendants' annual gross revenue exceeds $500,000.  Doc. No. 1 at 3 ¶ 10.

Plaintiffs allege that Defendants employed them to be flyer/sign holders between August 2011 and March 2012.  Doc. No. 1 at 3 ¶ 14.  Plaintiffs allege that they were initially paid a salary, but were subsequently paid an hourly rate.  Doc. No. 1 at 3 ¶¶ 15-16.  Plaintiffs allege they worked more than forty (40) hours per week while employed by Defendants.  Doc. No. 1 at 3 ¶ 17.  Plaintiffs allege that Defendants failed to pay them the statutory minimum wage for certain weeks and overtime for those weeks in which they worked over forty (40) hours.  Doc. No. 1 at 4 ¶¶ 18-19. Plaintiffs assert a claim for unpaid overtime wages under the FLSA and claims for unpaid minimum wages under the FLSA and the Florida Constitution.  Doc. No. 1 at 5-9.

On August 10 and 24, 2012, Plaintiffs filed their returns of service, indicating that Citi Auctions were served on August 6, 2012, and Brooks was served on August 16, 2012.  Doc. Nos. 8-10, 13.  On August 30, 2012, a clerk's default was entered against Citi Auctions.  Doc. No. 15.  On September 17, 2012, a clerk's default was entered against Brooks.  Doc. No. 17.  On October 4, 2012, Plaintiffs moved for a default judgment against Defendants (hereafter "Motion").  Doc. No. 18.

2

## II.     LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id.* Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id.* Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id.* A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III.     ANALYSIS

To establish FLSA coverage over an overtime violation, "an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).'" *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)). In order for enterprise coverage to apply, "the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually." *Sandoval v. Fla. Paradise Lawn Maintenance, Inc.*, 303 F. App'x. 802,

805 (11th Cir. 2008) (emphasis in original).   In this case, Plaintiffs have established, and Defendants have admitted, enterprise coverage by virtue of the allegations that Defendants are an enterprise that is engaged in commerce or the production of goods in commerce and their annual gross sales is not less than $500,000.   *See id.*

### A.  Wages

By virtue of the Clerk's defaults, Defendants admit they did not pay Plaintiffs at one and one-half times their normal rate for those weeks they worked more than forty (40) hours and did not pay them the statutory minimum wage for certain weeks.   Doc. No. 1 at 4 ¶¶ 18-19.   Defendants also admit these violations were willful.   Doc. No. 1 at 6-7 ¶¶ 28, 36.   In his declaration, Mr. Gautier states that he was employed from August 2011 to March 2012, and was never paid overtime.   Doc. No. 18-1 at 2-3 ¶¶ 4, 7.   For the time records in his possession, Mr. Gautier calculates his damages based on the hours he worked.   Doc. No. 18-1 at 3 ¶ 8.[1] Otherwise, Mr. Gautier calculates his damages based on his statement that he worked an average of 19 overtime hours per week.   Doc. No. 18-1 at 3 ¶ 7.   Mr. Gautier's damages equal $5,983.84. Mr. Gautier is entitled to liquidated damages in an equal amount.   *See* 29 U.S.C. § 216(b).   Thus, Mr. Gautier's total damages are $11,967.68.   Doc. No. 18-1 at 4.

In his declaration, Mr. Perez states that he was employed as a lead sign holder from August 2011 to February 2012.   Doc. No. 18-3 at 2 ¶ 3.   Mr. Perez states that he was initially paid a salary and subsequently paid $8.00 per hour.   Doc. No. 18-3 at 3 ¶ 4.   Mr. Perez states he was also paid a bonus based on the attendance of the other sign holders.   Doc. No. 18-3 at 3 ¶ 4. Mr. Perez states his weekly hours ranged from 45 to 80.5 and, on average, he worked 70.6 hours

---

[1] Mr. Gautier attaches the time records in his possession.  Doc. No. 18-2.

per week. Doc. No. 18-3 at 3 ¶ 5.[2] Mr. Perez calculates his damages to be $3,994.16. Doc. No. 18-3 at 3 ¶ 6. Mr. Perez is entitled to liquidated damages in an equal amount. *See* 29 U.S.C. § 216(b). Thus, Mr. Perez's total damages are $7,988.32. Doc. No. 18-3 at 3.

**B. Costs**

29 U.S.C. § 216(b) provides that a court, in any judgment awarded to a plaintiff, shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Plaintiffs do not request an award of attorney's fees, but do seek to recover $565.00 in costs. Doc. No. 18 at 8, ¶ 26. Attached to the Motion is a "Case Expense Report" reflecting the individual items and amounts Plaintiffs seek to recover. Doc. No. 18-6.

In an FLSA action, the allowable costs are those set forth in 28 U.S.C. § 1920. *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 at *3 (M.D. Fla. Dec. 26, 2006). "It is error for a district court to award costs in excess of those permitted by § 1920." *Id.* The following items are permissible taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

---

[2] Mr. Perez attaches copies of his time cards and pay stubs in support. Doc. No. 18-4 at 11-38.

The Case Expense Report reflects that Plaintiffs incurred $322.01 in expenses.  Doc. No. 18-6 at 2.   Of this amount, $77.51 is non-recoverable because the charges represent travel expenses ($48.46), postage ($19.00), courier fees ($4.30) and long distance telephone calls ($5.75).   Doc. No. 18-6 at 2.  *See Moore v. Appliance Direct, Inc.*, No. 6:08–cv–317–Orl– 19DAB, 2009 WL 909271 at *3 (M.D. Fla. Apr. 1, 2009) (disallowing postage, delivery and travel expenses as taxable costs in an FLSA case).   The remaining expenses for copies and services fees are recoverable and total $244.50.

## IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that Judgment is entered against Defendants:

    a.   awarding Mr. Gautier $5,983.84 in damages for unpaid wages and overtime;

    b.   awarding Mr. Gautier $5,983.84 in liquidated damages;

    c.   awarding Mr. Perez $3,994.16 in damages for unpaid overtime;

    d.   awarding Mr. Perez $3,994.16 in liquidated damages;

    e.   awarding Plaintiffs $244.50 in costs; and

2. The Motion be otherwise **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 3, 2012.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy